```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DARREN H. ROGERS,

                Plaintiff,

        -against-                       MEMORANDUM AND ORDER
                                        06-CV-5793 (JS)(WDW)
NASSAU COUNTY SHERIFF'S
DEPT. and TOMMY WEISS (employee),

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Darren H. Rogers, Pro Se
                    220 Veterans Highway
                    Hauppauge, NY 11788

For Defendants:     No Appearance
```

SEYBERT, District Judge:

By Order dated December 11, 2006 ("December 2006 Order"), the Court dismissed Plaintiff's Complaint, but granted leave to file an Amended Complaint. Pending before the Court is Plaintiff's Amended Complaint.

The Amended Complaint contains the same facts and claims as those in the original complaint. Plaintiff alleges that on July 29, 2004, he was injured while working with an employee of the Nassau County Sheriff's Department. Plaintiff alleges that, while working clothing detail at Nassau County Jail, he injured his back when a boxtruck suddenly moved, and he fell into the side of the truck, which had hooks on it.

Plaintiff seeks, inter alia, undisclosed monetary damages.

DISCUSSION

I. <u>42 U.S.C. § 1983</u>

The Amended Complaint fails to allege that the Plaintiff's injuries were caused by a cognizable Constitutional claim pursuant to 42 U.S.C. § 1983. As the Court set forth in the December 2006 Order, to state a claim under Section 1983, "a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." <u>Snider v. Dylag</u>, 188 F.3d 51, 53 (2d Cir. 1999) (citing <u>Dwares v. New York</u>, 985 F.2d 94, 98 (2d Cir. 1993)(overruled on other grounds)). Absent sufficient factual allegations that the intentional or reckless conduct of a state official caused the Plaintiff's injury, a complaint is not cognizable under Section 1983. See <u>Davidson v. Cannon</u>, 474 U.S. 344, 347-48, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986) (holding that plaintiff must show abusive conduct by government officials rather than mere negligence); <u>Daniels v. Williams</u>, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (stating Due Process Clause's protections are not triggered by a lack of due care by prison officials).

Once again, Plaintiff's claim of negligence fails to rise to the level of a cognizable constitutional violation. Moreover, Plaintiff fails to allege that, with respect to any actions taken

2

by the Nassau County Sheriff's Department, his rights were violated in pursuit of a "policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers . . . [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

II. State Law Claims

To the extent that Plaintiff may be asserting a negligence claim under 28 U.S.C. § 1332, diversity of citizenship, the Plaintiff and at least one Defendant, the Nassau County Sheriff's Department are citizens of New York and, are therefore, not of diverse citizenship. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990) ("It is well established that for a case to come within this statute there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citation omitted). Therefore, Plaintiff cannot invoke jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

28 U.S.C. Section 1367(c) allows district courts to decline to exercise jurisdiction over state law claims when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Because the Court dismisses the Plaintiff's federal claims, the Court declines to exercise

jurisdiction over Plaintiff's state law claim of negligence. Plaintiff, however, may feel free to pursue such claims in state court. See Crab House of Douglaston, Inc. v. Newsday, Inc., 418 F. Supp. 2d 193, 214 (E.D.N.Y. 2006). Accordingly, any state law claims are DISMISSED.

III. Leave To Amend

Generally, a district court should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Aquino v. Prudential Life and Casualty Ins. Co., 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005) (citing Thompson v. Carter, 284 F.3d 411, 419, (2d Cir. 2002); Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). Nevertheless, "[f]utility is a valid reason for denying a motion to amend . . . where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d 1999) (internal quotation marks and citations omitted). Plaintiff was given leave to amend the Complaint and still has failed to present any arguably meritorious claims; therefore, any additional amendments would be futile. See Marchi v. Bd. of Cooperative Educ. Servs. of Albany, 173 F.3d 469, 478 (2d Cir. 1999), cert. denied, 528 U.S. 869, 120 S. Ct. 169, 145 L. Ed. 2d 143 (1999). Accordingly, the Complaint is DISMISSED with prejudice.

## CONCLUSION

For the reasons set forth above and for the reasons set forth in the December 2006 Order, the Amended Complaint is DISMISSED with prejudice. The Clerk of the Court is directed to mark this matter closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert U.S.D.J.

Dated: Central Islip New York
       April 16, 2007